John W. Briggs U.S. Attorney Middle District of Florida Jacksonville
QUESTIONS:
1. What state officials are empowered to appear on behalf of the State of Florida and represent a lienhold interest of the State of Florida in a federal mortgage foreclosure action in federal court?
2. Is a public defender empowered under s. 27.56, F. S., to represent the State of Florida in federal foreclosure action in federal court wherein the `public defender lien' is subject to being extinguished?
SUMMARY:
Unless otherwise providedf by statute, the Attorney General and the Office of the Attorney General, and the Department of Legal Affairs, of which the Attorney General is the department head, are the only state officials statutorily authorized to represent the state in suits in federal courts involving state agencies or departments holding a state lien on property being foreclosed in federal court.
As of the effective date of s. 27.56, F. S., as amended by s. 1, Ch. 77-264, Laws of Florida (October 1, 1977), the board of county commissioners of the county in which assistance was rendered, rather than the public defender, is empowered to enforce judgments and liens on behalf of said county in federal foreclosure actions in federal court wherein the `public defender lien' is subject to being extinguished.
Section 6, Art. IV, State Const., provides in pertinent part:
 All functions of the executive branch of state government shall be allotted among not more than twenty-five departments, exclusive of those specifically provided for or authorized in this constitution. The administration of each department, unless otherwise provided in this constitution, shall be placed by law under the direct supervision of the governor, the lieutenant governor, the governor and cabinet, a cabinet member, or an officer or board appointed by and serving at the pleasure of the governor . . . . (Emphasis supplied).
Section 4(c), Art. IV of the State Constitution provides that the attorney general shall be the chief state legal officer. Section16.01, F. S., in pertinent part reads:
 The Attorney General shall . . . perform the duties prescribed by the Constitution of this state, and also perform such other duties appropriate to his office, as may from time to time be required of him by law or by resolution of the Legislature, he shall . . . appear in and attend to, in behalf of the state, all suits or prosecutions, civil or criminal, or in equity, in which the state may be a party; or in anywise interested, in the Supreme Court and district courts of appeal of this state; he shall appear in and attend to such suits or prosecutions in any other of the courts of this state, or in any courts of any other state, or of the United States . . . . (Emphasis supplied.)
Section 16.015, F. S., in pertinent part, provides:
 The Department of Legal Affairs shall be responsible for providing all legal services required by any department, unless otherwise provided by law. However, the Attorney General may authorize other counsel where emergency circumstances exist shall authorize other counsel when professional conflict of interest is present. Each board, however designated, of which the Attorney General is a member may retain legal services in lieu of those provided by the Attorney General and the Department of Legal Affairs. (Emphasis supplied.)
As can be seen from a reading of the foregoing, it is the constitutional duty of the Attorney General to serve, by way of the Department of Legal Affairs, as chief state legal officer to the various departments exercising executive functions of state government. Unless otherwise provided in the constitution, such departments are placed either under the direct supervision of the Governor, the Lieutenant Governor, the Governor and Cabinet, a Cabinet member, or an officer or board appointed by and serving at the pleasure of the Governor.
Pursuant to s. 16.015, F. S., the Department of Legal Affairs, which department is headed by the Attorney General, shall be responsible for providing all legal services required by any department unless otherwise provided by law. In those instances where the Attorney General is the legal representative of a particular department, he may authorize other counsel where emergency circumstances exist, and he shall authorize other counsel when professional conflict of interest is present.
It seems clear that unless otherwise provided by some statute, the Attorney General and the Office of the Attorney General and the Department of Legal Affairs, of which the Attorney General is the department head, are the only state officials statutorily authorized to represent the state in suits in federal courts involving the Department of Commerce or the Department of Revenueor any other state agency or department holding a state lien on property being foreclosed in federal court.
The answer to your second question is in the negative.
Section 27.56, F. S., prior to its amendment by s. 7 of Ch.67-539, Laws of Florida, was derived from s. 3, Ch. 63-410, Laws of Florida, and consisted of but a single paragraph. Section 7 of Ch. 67-539, retained the provisions of s. 27.56, prior to its amendment without change, designating said section as subsection (1) of the revised or amended section, and adding thereto revised subsections (2) and (3), subsection (2) being divided into three paragraphs; s. 27.56. F. S., as amended read as follows:
 (1) There is hereby created a lien, enforceable as hereinafter provided, upon all the property, both real and personal, of any person who is receiving or has received any assistance from any public defender of the state. Such assistance shall constitute a claim against the applicant and his estate, enforceable according to law in an amount to be determined by the court in which such assistance was rendered. Immediately after such assistance is rendered and upon determination of the value thereof by the court, a statement of claim showing the name and residence of the recipient shall be field for record in the office of the clerk of the circuit court in the county where the recipient resides and in each county in which such recipient then owns or later acquires any property. Said liens shall be enforced on behalf of the state by the several public defenders, and shall be utilized to reimburse the state to defray the costs of the public defender system. The lien herein created shall be a continuing obligation, irrespective of any statute of limitations.
 (2)(a) In lieu of the procedure above described, the court is authorized to require that the recipient of the public defender's services execute a lien upon his real or personal property, presently-owned or after-acquired, as security for the debt created hereby for the value of the services rendered or to be rendered by the public defender. Such lien shall be recorded by the public defender in the public records of the county at no charge by the clerk of the circuit court and shall be enforceable in the same manner as mortgages.
 (b) The board of county commissioners of the county wherein the recipient is tried is authorized to enforce, reduce to judgment, satisfy, compromise, settle, subordinate, release, or otherwise dispose of any debt or lien hereby imposed.
 (c) No lien thus created shall be foreclosed upon the homestead of such recipient.
 (3) The court having jurisdiction of the defendant-recipient, may, at such stage of the proceedings as the court may deem appropriate, determine the value of the services of the public defender, at which time the defendant, after adequate notice thereof, shall have opportunity to be heard and offer objection and to be represented by counsel, with due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil cases at law.
Prior to amendment, the original and first subsection of s. 27.56, F. S., created a lien upon the property of the person receiving assistance from the public defender or his assistant, which lien constituted a claim against the person receiving such assistance and his estate. Said liens were then enforced on behalf of the State of Florida by the several public defenders and were to be utilized to reimburse the state to defray the costs of the public defender system. Those provisions provided a procedure for enforcing the lien against persons receiving assistance from public defenders, which prior to the effective date of Ch. 67-539, Laws of Florida, was the sole and only procedure for enforcing the said lien. Section 27.56(2)(a), F. S., provided that: `In lieu of the procedure above described' the procedure set out in paragraph (a) may be used to enforce the said lien. This procedure differed from that set out in subsection (1) in that it provided for the filing of the statement of the claim as therein provided, while subsection (2) provided a procedure by which the person receiving the assistance made and executed a written lien, under the supervision of the court. The two lien procedures resulted in liens against the property of the defendant which were subject to enforcement in the circuit court. The right to the lien and the proceeds therefrom was explicitly in the state.
As evidenced in AGO 067-85, it was felt that the provision in s. 27.56(2)(b), F. S., that: `The board of county commissioners of the county wherein the recipient is tried is authorized to enforce, reduce to judgment, satisfy, compromise, settle, subordinate, release or otherwise dispose of any debt or lien hereby imposed' was not sufficient to vest title or right to the lien or its proceeds in the county or in the board of county commissioners as such. There it was said:
 The relationship of the said board of county commissioners to the state is that of ex officio officers; the statute makes the county commissioners ex officio state officers for the purpose of s. 27.56, F. S. The Supreme Court of Florida, in Carlton v. Mathews, 103 Fla. 301, 137 So. 815, text 842, recognized the power of the Florida Legislature to make the state treasurer an ex officio county treasurer for a proper purpose, so long as his duties as county treasurer do not conflict with his duties as state treasurer. We see no conflict of interest or duties which would prohibit a board of county commissioners from performing the functions required of them by s. 27.56(2)(b), F. S. The right of the legislature to impose additional duties upon an officer, even to the extent of requiring him to perform ex officio duties for other officers and offices, has been recognized by the Florida courts. The legislature appears to have made the boards of county commissioners of the several counties ex officio state officers, charged with the enforcement of such liens and the administration thereof, for and in behalf of the state, to the extent provided for in s. 27.56(2)(b), F. S.
By way of s. 1 of Ch. 77-264, Laws of Florida, the language to the effect that said liens were to be enforced on behalf of the state by the several public defenders and the language to the effect that liens were to be utilized to reimburse the state to defray the costs of the public defender system was stricken from s. 27.56, F. S. The effect is that effective as of October 1, 1977,judgments pursuant to the original and first subsection of s. 27.56, F. S., are to be enforced on behalf of the county by theboard of county commissioners of the county in which assistance was rendered. Apparently, now the liens are to be utilized to reimburse the county to defray the costs of the public defender system. Note that liens as described in the `in lieu of the procedure' in the original and second subsection of s. 27.56, F. S., were from the beginning enforceable by the county commissioners of the county wherein the recipient was tried. So s. 27.56, F. S., has now been made consistent, in this respect, throughout.
Further evidence of the intent of the amendments to s. 27.56, F. S., can be gleaned from the fact that by way of s. 1 of Ch.77-264, Laws of Florida, s. 27.56(2)(c), F. S. (which subsection had been added by s. 1 of Ch. 72-41, Laws of Florida), was amended so as to authorize the board of county commissioners of the county claiming such lien to contract with a collection agency for collection of said liens. Before said amendment, such authority was placed in the public defender.
Section 27.56, F. S., has since been amended by s. 2 of Ch.77-378, Laws of Florida, which section authorizes the enforcement of liens against the parents of minor children who receive assistance from the public defender or special assistant public defender.
The bottom line is that effective as of October 1, 1977, only the board of county commissioners of the county in which assistance was rendered is authorized to enforce public defender liens on behalf of such county.
Also note that s. 125.01(1)(b), F. S., provides:
 (1) The legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power shall include, but shall not be restricted to:
 (b) Provide for the prosecution and defense of legal causes in behalf of the county or state and retain counsel and set their compensation.
Prepared by: Maxie Broome, Jr., Assistant Attorney General